```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF KENTUCKY
```
**SOUTHERN DIVISION at PIKEVILLE**

ALFRED HALL,                          )
                                      )
    Plaintiff,                        )
                                      ) Civil Action No. 07-199-JMH
                                      )
v.                                    )
                                      )
MICHAEL J. ASTRUE, COMMISSIONER       )   **MEMORANDUM OPINION AND ORDER**
OF SOCIAL SECURITY,                   )
                                      )
    Defendant.                        )
                                      )
                                      )

    \*\*    \*\*    \*\*    \*\*    \*\*

This matter is before the Court on cross motions for summary judgment [Record Nos. 10 and 13][1] on Plaintiff's appeal of the Commissioner's denial of his application for a period of disability, disability insurance benefits, and supplemental security income. The Court, having reviewed the record and being otherwise sufficiently advised, will deny Plaintiff's motion and grant Defendant's motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On May 3, 2005, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits and also a Title XVI application for supplemental security income. (Transcript of Record, "Tr." 53-55, 238-241). Both

---

[1] These are not traditional Rule 56 cross motions for summary judgment. Rather, they are procedural devices used by the Court to obtain the views of the parties regarding the sufficiency of the evidence contained in the administrative record developed before the Commissioner.

applications were denied initially and upon reconsideration. (Tr. 43-46, 48-50, 243-250). Thereafter, Plaintiff filed a timely request for a hearing and a hearing was conducted before Administrative Law Judge Roger L. Reynolds on January 22, 2007.[2] In a hearing decision dated June 21, 2007, the ALJ found Plaintiff not disabled. (Tr. 14-22). The ALJ Reynold's determination became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (Tr. 6-8). This appeal followed.

At the time of the ALJ's most recent determination, the Plaintiff was 55 years old. (Tr. 20). He has at least a high school education. *Id.* He has past relevant work as a welder and a night watchman. *Id.* In this appeal, Plaintiff argues that the ALJ erred by failing to provide reasons for his decision not to adopt the mental limitations reported by Dr. Ira Potter.

## II. OVERVIEW OF THE ALJ HEARING

In determining whether a claimant is disabled or not, the ALJ conducts a five-step analysis:

> 1.) Is the individual engaging in substantial gainful activity?  If the individual is engaging in substantial gainful activity, the individual is not disabled, regardless of the claimant's medical condition.

---

[2] A hearing was initially held on August 31, 2006. (TR 259-268).  However, the ALJ conducting that hearing became ill before rendering a decision, and a second hearing was held. (TR 269-300).

2

> 2.) Does the individual have a severe impairment? If not, the individual is not disabled. If so, proceed to step 3.
>
> 3.) Does the individual's impairment(s) meet or equal the severity of an impairment listed in appendix 1, subpart P of part 404 of the Social Security Regulations? If so, the individual is disabled. If not, proceed to step 4.
>
> 4.) Does the individual's impairment(s) prevent him or her from doing his or her past relevant work, considering his or her residual functioning capacity? If not, the individual is not disabled. If so, proceed to step 5.
>
> 5.) Does the individual's impairment(s) prevent him or her from performing other work that exists in the national economy, considering his or her residual functioning capacity together with the "vocational factors" of age, education, and work experience? If so, the individual is disabled. If not, the individual is not disabled.

*Heston v. Comm'r of Social Security,* 245 F.3d 528, 530 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Preslar v. Sec'y of Health and Human Servs.,* 14 F.3d 1107, 1110 (6th Cir 1994).

### III. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y*

*of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, *see* 42 U.S.C. § 405(g), *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching his conclusion. *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

### IV. ANALYSIS

Plaintiff alleges disability beginning on April 1, 2005, due to heart problems, anxiety, emphysema, and back problems. (TR 53, 276-279). After reviewing the record, the ALJ determined that Plaintiff had severe impairments of chronic obstructive pulmonary disease secondary to continued nicotine abuse; and low back pain secondary to degenerative disc disease of the lumbar spine. (TR 16-17, Finding No. 3). However, the ALJ further found that Plaintiff retained the residual functional capacity (RFC) to perform a reduced range of heavy work. (TR 18, Finding No. 5).

Dr. Ira Potter evaluated the Plaintiff on December 18, 2006, and subsequently completed a medical report. In the report Dr.

4

Potter opined, among other things, that Plaintiff would be unable to maintain regular attendance, relate with co-workers, or stand up to the stress of engaging in productive work activity. (Tr. 237). Plaintiff argues that the ALJ never discussed any of these mental limitations and, by failing to do so, the ALJ did not comply with the terms of Social Security Ruling 96-8p ("SSR 96-8p"). SSR 96-8p provides in pertinent part: "the RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." Because the ALJ did not find that Plaintiff had any severe mental impairments, Plaintiff claims that the RFC found by the ALJ and the limitations opined by Dr. Potter are in conflict.

In his decision the ALJ stated the following relating to Dr. Potter's evaluation:

> On December 18, 2006, Dr. Ira Potter, one-time examiner, at the request of the claimant's attorney, completed a medical report and residual functional capacity, which is found to be inconsistent with the evidence of record. There are no supporting examination notes or x-ray evidence. Dr. Potter notes the claimant has severe chronic low back pain, but on July 29, 2005, the claimant was noted to have no pain, see Exhibit 8F. There are no other records supporting the claimant's complaints of severe pain. Dr. Potter also appeared to ignore the fact that the claimant continues to smoke. Based on the aforementioned, little weight is given to the assessment. (Exhibit 10F).

5

*Id.*

The Court finds that the ALJ's opinion is supported by substantial evidence and the ALJ adequately explained why he gave little weight to Dr. Potter's report. The ALJ clearly stated that Dr. Potter's medical report and residual functional capacity are found to be inconsistent with the evidence of record. (TR 17). The ALJ noted that this was a one time examination.[3] *See* 20 C.F.R. §§ 404.1527(d)(2)("generally more weight is given to opinions from treating sources since they are most likely to provide a detailed picture of the impairment that cannot be obtained from reports of individual examinations"). The ALJ also pointed out that the report did not include any supporting examination notes or x-ray evidence. Therefore, the Court finds that the ALJ explained why Dr. Potter's diagnosis was not adopted, thus complying with SSR 96-8p.

Furthermore, in his decision the ALJ discussed other medical evidence of record that was consistent with his decision and, thus, inconsistent with Dr. Potter's opinion. For instance, Plaintiff received the bulk of his medical treatment from Appalachian Regional Healthcare. (TR 169-222). In April 2003, Plaintiff was

---

[3] The record also does not show that Dr. Potter is a psychologist or a psychiatrist. (TR 233-237) *See* 20 C.F.R. §§ 404.1527(d)(5), 416.927(d)(5)(2007)(more weight is given to the opinion of a specialist about medical issues related to his area of specialty than to the opinion of a source who is not a specialist).

reported to be experiencing occasional anxiety. (TR 199). On August 23, 2005, Plaintiff reported that he had been a "little depressed at the beginning of the summer." (TR 220). However, the ALJ observed that Plaintiff did not seek mental treatment or counseling. (TR 18). Further, no treating or examining physician at Appalachian Regional Healthcare expressed concerns regarding a mental condition. Additionally, the ALJ stated that when seen on January 9, 2006, Plaintiff had complaints of recent anxiety. However, as the ALJ noted, the doctor that treated him on that date felt that the anxiety was related to chronic obstructive pulmonary disease and smothering and not a mental impairment. (TR 18, 211).

Moreover, Plaintiff failed to show that he had work-related functional limitations due to his mental limitations. Therefore, the ALJ had no reason to include limitations in his RFC finding related to Plaintiff's mental condition. The record as a whole shows that the ALJ properly considered Dr. Potter's opinion in determining Plaintiff's RFC and that substantial evidence supports the ALJ's findings.

## V. CONCLUSION

Accordingly, and for the foregoing reasons, **IT IS ORDERED:**

(1) That Plaintiff's motion for summary judgment [Record No. 10] be, and the same hereby is, **DENIED;** and

7

(2) That the Commissioner's motion for summary judgment [Record No. 13] be, and the same hereby is, **GRANTED**.

This the 9th day of May, 2008.



Signed By:
*Joseph M. Hood*
**Senior U.S. District Judge**